1  Brett Cragun, brett@brettcragun.com, Utah State Bar No. 8683

2  Attorney for Plaintiff

3  520 N Marketplace Dr., Suite 200, Centerville, UT 84014

4  (801) 513-2060

5  **IN THE UNITED STATES DISTRICT COURT**

6  **DISTRICT OF UTAH**

7  NAVEEM PAMMI,                          )   **Case No.:** 1:19-cv-00098-BSJ
                                          )
8  Plaintiff,                            )
                                          )   **PLAINTIFF'S COMPLAINT FOR**
9        v.                              )   **DAMAGES**
                                          )   **(Unlawful Debt Collection Practices)**
10 GC SERVICES, LP,                       )
                                          )   **JURY DEMANDED**
11 Defendant.                            )
                                          )

12

13        NOW COMES Plaintiff, NAVEEM PAMMI ("Plaintiff"), through his attorneys, hereby

14 alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

15                          **Nature of the Action**

16   1.  This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15

17       U.S.C. § 1692 *et seq.* ("FDCPA").

18                                **Parties**

19   2.  Plaintiff is a natural person residing at Davis County in the city of Farmington, Utah and

20       is otherwise *sui juris*.

21   3.  Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. §

22       1692(a)(3).

23

PLAINTIFF'S COMPLAINT

4.  Defendant is a Limited Partnership conducting business in Utah and has its principal place of business in Houston, Texas.

5.  Defendant is a debt collector as defined by 15 U.S.C. § 1692(a)(6) and sought to collect a consumer debt from Plaintiff.

6.  Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

7.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692(k)(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8.  Because Defendant conducts business in the state of Utah, personal jurisdiction is established.

9.  Venue is proper in the United States District Court District of Utah pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

**Factual Allegations**

10. On or around May 9, 2019, Defendant placed a collection call to Plaintiff seeking and demanding payment for an alleged consumer debt.

11. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

12. Defendant called Plaintiff's telephone number at (801) XXX-0300.

13. On or around May 9, 2019, Defendant left a voicemail message on Plaintiff's answering machine.

14. In the voicemail message, Defendant failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector.

15. In the voicemail message, Defendant directed Plaintiff to call back telephone number (800) 652-7681, which is a number that belongs to Defendant.

16. In the voicemail message, Defendant failed to disclose the purpose of its call was to collect a debt allegedly owed by Plaintiff.

17. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

### **CLAIM FOR RELIEF**

18. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-17.

19. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

   b. Defendant violated *§1692(d)(6)* of the FDCPA by placing a telephone call without meaningfully disclosing its identity;

   c. Defendant violated *§1692(e)* of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection; and

d.  Defendant violated *§1692e(11)* of the FDCPA by failing to contain the warning: This is an attempt to collect a debt… communication is from a debt collector.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

20. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692(k);

21. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692(k); and

22. Awarding such other and further relief as may be just, proper and equitable.

## **JURY TRIAL DEMAND**

23. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: August 28, 2019          By: */s/ Brett Cragun*
                               Brett Cragun
                               Attorney for Plaintiff

- 4 -